**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  LARRY TEVIS; NANCY TEVIS, | No. 16-60063 |
| Debtors. | BAP No. 15-1111 |
| LARRY TEVIS; NANCY TEVIS, | MEMORANDUM* |
| Appellants, | |
| v. | |
| CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS; JAN P. JOHNSON, Chapter 13 Trustee, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Jury, and Dunn, Bankruptcy Judges, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Larry Tevis and Nancy Tevis appeal pro se from a judgment of the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's judgment dismissing their adversary proceeding for failure to prosecute. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by dismissing appellants' adversary proceeding because the bankruptcy court properly applied the factors for determining whether to dismiss a case for failure to prosecute, and its findings are supported by the record. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) (setting forth standard of review and five factors considered when determining whether to dismiss a bankruptcy proceeding for failure to prosecute).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit appellants' contention that the BAP violated due process.

**AFFIRMED.**

16-60063